IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 21-5039-01-CR-SW-SRB |
| CHARLES WARD KUENTZEL, 2nd, | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

Comes now Defendant, Charles Ward Kuentzel, 2nd, through counsel and hereby submits this sentencing memorandum asking the Court to vary downward from the USSG range and render a sentence of 188 months in the Bureau of Prisons, finding that this sentence complies with all the goals of sentencing outlined in 18 U.S.C. § 3553(a). In support of this request, the Defendant asserts the following suggestions.

## SUGGESTIONS IN SUPPORT

To begin, Mr. Kuentzel, after reviewing the responses of the PSIR writer and further review of controlling law, at this time, wishes to withdraw his objections to the enhancements listed in the final PSIR in paragraphs 22 and 28. Mr. Kuentzel withdraws any and all objections that may have an effect on the calculation of the USSG as expressed in the final PSIR, and ultimately agrees with the final calculation of a USSG range of 235 months to 293 months.

However, even though Mr. Kuentzel agrees with the final calculation of the PSIR,

1

he does not agree that a USSG range sentence results in a reasonable sentence as envisioned by 18 U.S.C. § 3553(a).

**Variance based upon § 3553(a):**

Former Chief Judge of the District of Oklahoma J. Robin Cauthron stated that "as widespread as computer use is now, enhancing for use of the computer is a little like penalizing speeding, but then adding an extra penalty if a car is involved." *A method For Careful Study: A Proposal for Reforming the Child Pornography Guidelines*. 24 Fed.Sent.R. 108, 122. (December 1, 2011). While mildly humorous, the point Judge Cauthron was making is true in this case.

The "use of a computer" enhancement has been much maligned, especially in the 21st century, and rightfully so. While one could create a fact scenario in which a minor is enticed to produce child pornography using a mailed letter, this is not a factual scenario that has been seen by this Court. The reason most parties see the problem with the "use of a computer" enhancement is because giving a special enhancement for conduct that exists in 100% percent of the cases no longer makes any sense. Since the advent of the computer, internet, and cellular technology, society has moved towards technology. Sadly, the USSG have not kept pace with this change, thereby making the USSG for these offenses antiquated and unreasonable.

Title 18 U.S.C. § 3553(a) states that a punishment that is rendered must be just. Furthermore, the sentence must promote respect for the law. Failing to recognize the faultiness of the "use of a computer" enhancement flies in the face of those goals.

If the Court were to vary downward the two levels, the range of punishment would

2

then be 188 to 235 months. Mr. Kuentzel believes this range is more appropriate in light of the nature of the offense and the characteristics of the defendant. Mr. Kuentzel respects whatever sentence the Court renders but would ask that it take this argument into consideration prior to making a decision about sentencing.

This conviction is Mr. Kuentzel's first felony conviction, and a 188-month sentence would be far and away the longest sentence he has ever received. A 188-month sentence would deter any further criminal conduct and would protect the public. Furthermore, coupled with treatment, a 188-month sentence would provide Mr. Kuentzel with needed educational and correctional treatment. All of this, and yet, 188-months would not be more than is necessary to accomplish the goals of sentencing.

Mr. Kuentzel would ask this Court for its recommendation to the facilities in either Englewood or Elkton, due to the programs that are available at these facilities.

WHEREFORE, Mr. Kuentzel asks this Court to vary downward from the USSG range, recognizing that the "use of a computer" two level enhancement renders an unreasonable USSG range sentence, and that a sentence of 188 months is in keeping with the goals of sentencing outlined in § 3553(a).

Respectfully submitted,

*/s/ Ian A. Lewis*
**IAN A. LEWIS, #52819**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022

January 20, 2023    Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Ian A. Lewis*
**IAN A. LEWIS**